IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| APPLICATIONS SOFTWARE TECHNOLOGY LLC, as successor by merger and conversion to APPLICATIONS SOFTWARE TECHNOLOGY CORPORATION, and SERENE AST, LLC, | |
| | Case No. 2018-cv-00822 |
| Plaintiffs, | Honorable Ronald A. Guzman |
| v. | Magistrate Judge Daniel G. Martin |
| PARESH KAPADIA and SUAVIS CORPORATION, | |
| Defendants. | |

**STIPULATED AND AGREED ORDER**

Without an admission of liability by Defendants, the parties have stipulated to the following terms, and jointly request that the Court enter an Order as follows:

1. On February 1, 2018, Plaintiffs filed a Complaint and Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO") against Defendants Paresh Kapadia and Suavis Corporation.

2. On February 6, 2018, this Court entered a Temporary Restraining Order ("TRO"). On February 15, 2018, the TRO was extended to March 6, 2018 and shall expire by its terms on March 6, 2018.

3. Plaintiffs' motion for preliminary injunction is voluntarily withdrawn, without prejudice, and the preliminary injunction hearing scheduled for March 27, 2018 is stricken.

4. Until further agreement of the parties or an Order from the appropriate legal forum, Defendants and those people and entities acting in concert with them, regardless of whether such persons or entities are located inside or outside of the United States, agree to be prohibited from possessing, disseminating, disclosing, copying, transmitting, using, tampering

with, destroying, secreting, or otherwise accessing any confidential and proprietary information that is the property of Plaintiffs, pending the earlier of (i) the resolution of the Plaintiffs' claims in the appropriate legal forum; (ii) November 1, 2018; or (iii) upon a modification or dissolution of this Order.

  5. Until further agreement of the parties or an Order from the appropriate legal forum, Defendants and those people and entities acting in concert with them, regardless of whether such persons or entities are located inside or outside of the United States, agree to be prohibited from destroying any and all records, documents or deleting any electronic communications relating to Suavis, including, but not limited to, communications with Plaintiffs' customers or prospective customers, employees or business partners, including, but not limited to, Oracle, SugarCRM, Kronos, or Salesforce.com, pending the earlier of (i) the resolution of the Plaintiffs' claims in the appropriate legal forum; (ii) November 1, 2018; or (iii) upon a modification or dissolution of this Order.

  6. Until further agreement of the parties or an Order from the appropriate legal forum, Kapadia agrees to be prohibited from, directly or indirectly, engaging in any conduct in violation of Section 6 of his Employment Agreement and Section 2 of his Non-Competition Agreement, as those Agreements are defined in the Complaint, including, but not limited to, the Non-Competition covenant, the non-solicitation of employees covenant, and the non-solicitation of customers covenant, pending the earlier of (i) the resolution of the Plaintiffs' claims in the appropriate legal forum; (ii) November 1, 2018; or (iii) upon a modification or dissolution of this Order.

  7. Until further agreement of the parties or an Order from the appropriate legal forum, Defendants and those people and entities acting in concert with them, regardless of

whether such persons or entities are located in or outside of the United States, agree to be prohibited from interfering with Plaintiffs' relationships with their business partners, including but not limited to Oracle, SugarCRM, Kronos and Salesforce.com and any prospective customers referred by those business partners, pending the earlier of (i) the resolution of the Plaintiffs' claims in the appropriate legal forum; (ii) November 1, 2018; or (iii) upon a modification or dissolution of this Order.

8. The parties agree that the entry of this Order does not constitute an admission of liability on any claim by Defendants. Further, nothing in this Order is admissible in any legal forum for purposes of attempting to show an evidentiary finding has been made against Defendants on the substance of Plaintiffs' claims. Further, nothing in this Order shall be construed as an acknowledgement or an admission that Plaintiffs established the elements necessary for a preliminary injunction or an acknowledgment or an admission that either of the Plaintiffs own trade secrets. Furthermore, nothing contained in this Order is admissible for purposes of attempting to establish liability on any of Plaintiffs' claims. Furthermore, nothing contained in this Order shall constitute an admission by the parties that any of Plaintiffs' claims are arbitrable or are not arbitrable.

9. Any party to this Order may move the Court at any time to dissolve or modify this Order, including without limitation upon a dismissal of any cause of action.

**IT IS SO ORDERED.**

Dated: 3/2/2018

_Daniel G. Martin_
U.S. Magistrate Judge Daniel G. Martin