# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| APPLICATIONS SOFTWARE, ) | | |
| TECHNOLOGY LLC, as successor by merger ) | | |
| and conversion to APPLICATIONS ) | | |
| SOFTWARE TECHNOLOGY CORP., and ) | | |
| SERENE AST, LLC, ) | | |
| ) | | |
| Plaintiffs, ) | No. 18 C 822 | |
| ) | | |
| v. ) | Magistrate Judge Jeffrey Cole | |
| ) | | |
| PARESH KAPADIA and ) | | |
| SUAVIS CORP., ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a "Motion for a Rule to Show Cause" [Dkt. #78] why the defendants should not be held in contempt of the district court's Temporary Restraining Order of February 6, 2018 [Dkt. # 22], (which the court by agreement extended to February 20, 2018), the stipulated and agreed Order of March 2, 2018 [Dkt. ## 37, 38], and the stipulated and agreed Order of October 29, 2018. The latter two agreed Orders were approved by two magistrate judges. [Dkt. ## 75, 76]. The Motion also asks that the plaintiffs be allowed "limited discovery" to determine the extent of defendants' contumacious conduct, including, but not limited to, the "EQD and Nite Ize projects." [Dkt. #78].[1]

According to the plaintiffs, the three Orders expressly prohibited the defendants from engaging in any conduct in violation of Section 6 of his Employment Agreement and Section 2 of

---

[1] The Seventh Circuit has said that in the civil context, there isn't really any such thing as a "rule to show cause" any more; it's a "burdensome" and obsolete proceeding that the Federal Rules of Civil Procedure long ago declined to continue. *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 695 (7th Cir. 2010).

his Non-Competition Agreement. Indeed, all three Orders the plaintiffs rely upon in their motion explicitly refer to those clauses and forbid the defendants from violating them. [Dkt. #22, Par. d, #38, Par. 6; #76, Par. 5 and 78 at 1; #78 at 3-4].

The Plaintiffs' argument runs this way: since the defendants violated the employment agreement and Section 2 of the noncompetition agreement and since those clauses were expressly referred to in and prohibited by the TRO and by the two subsequently agreed to Orders, the defendants should be held in contempt for having violated all three Orders. The plaintiffs concede that they have known the defendants were (allegedly) violating the employment agreement and noncompetition agreement since at least June of 2018, seven months before plaintiffs filed this motion. [Dkt. ## 78, at 5-6; 78-1, Page 8/8]. And yet, despite that knowledge the plaintiffs apparently did nothing and allowed the claimed conduct to go unchallenged.

The matter has been referred to me by the district court "for the purpose of holding proceedings related to Plaintiffs' [contempt] motion." [Dkt. # 80]. As my authority is limited in cases where the parties have not consented to a magistrate judge's jurisdiction and in matters of civil contempt, *see* 28 U.S.C. Sec. 636(b)(1); Sec. 636(e)(6), I am confined to issuing a Report and Recommendation which the parties have the right to seek review *de novo*. 28 U.S.C. Sec. 636(b)(1); Sec. 636(e)(6); Fed.R.Civ.P. 72(b).

Unfortunately, all three Orders in this case failed to comply with the uncompromisingly clear and unqualified language of Fed.R.Civ.P. 65(d)(1). As the Seventh Circuit has recently reiterated, "Fed. R. Civ. P. 65(d)(1)( c) forbids incorporating another document . . . by reference." *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 912 F.3d 1054, 1057 (7th Cir. 2019). *See also Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 384 (7th Cir. 2018)("Rule 65 requires that every

2

injunction . . . 'describe in reasonable detail – *and not by referring to the complaint or other document* – the act or acts restrained or required.'")(Emphasis supplied). This specific and mandatory requirement "spares courts and litigants from struggling over an injunction's scope and meaning by informing those who are enjoined of the specific conduct regulated by the injunction and subject to contempt." *Patriot Homes, Inc. v. Forest River Hous., Inc.*, 512 F.3d 412, 415 (7th Cir. 2008).

Prior to the motion for contempt, none of the parties raised any concern about Rule 65(d)(1)(C)'s unambiguous and mandatory restrictions, which passed silently and unnoticed by counsel on both sides. This is not to diminish the responsibility of the judicial officers who issued and approved the Orders. The inescapable reality is that all judges make mistakes at one time or another. *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor*, 115 F.3d 1332 (1997). *See also*, *Willy v. Coastal Corp.,* 503 U.S.131, 139 (1992); *Illinois v. Allen,* 397 U.S. 337, 346–347 (1970). But the law frowns on playing "gotcha" and relying on a blunder to gain an opportunistic advantage. *Cf. Architectural Metal Systems, Inc. v. Consolidated Systems, Inc.,* 58 F.3d 1227, 1231 (7th Cir.1995); *Market Street Associates; Packer Trading Co. v. CFTC,* 972 F.2d 144, 150 (7th Cir .1992); *Centex Construction v. James,* 374 F.2d 921, 923 (8th Cir.1967); *LM Ins. Corp. v. ACEO, Inc*. 2010 WL 1655206, 1 (N.D.Ill.2010). Consequently, lawyers have an obligation not to knowingly remain silent and knowingly allow courts to make errors – if in fact that is what happened here.

While perhaps it could be argued that the issue here might not seem to be an issue where the parties themselves referred in the Orders to the specific paragraphs of some "other document," (here, the employment and non-competition agreements), the uncompromisingly clear language of Rule 65 and the Seventh Circuit's consistent and emphatic holdings, have made clear that injunctive

Orders that referred to documents outside the injunctive Orders are "transparently ineffectual." *BankDirect*, 912 F.3d 1058; *Wisconsin Right To Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014)(injunction that requires reader to consult another document is not proper).[2] Notably, "a major point of Rule 65(d)(1)(C) is that a judge's expectations [when entering an order] are not binding . . . ." *In re Rockford Prod. Corp*., 741 F.3d 730, 734 (7th Cir. 2013).

Since the three Orders in this case do not comply with a basic requirement for an injunction under the Federal Rules of Civil Procedure and with the requirements unqualifiedly enunciated by the Seventh Circuit, a finding of contempt of those Orders cannot exist here.

It is recommended that the plaintiffs' motion be denied.

---

[2] In its reply brief, plaintiffs rely on the 19-year old opinion in *Chathas v. Local 103 IBEW*, 233 F.3d 508 (7th Cir. 2000), where the panel noted that there had been a violation of Fed.R.Civ.P. 65(d) because the injunction, essentially, referred to an earlier injunction. The court found the error was harmless because the district court had entered a preliminary injunction *that fully complied with the Rule*, then later simply entered an order making it permanent that did not. As the panel put it, it was the equivalent of the court reissuing the injunction– that was Rule compliant – and striking the word, "preliminary." *Id*. at 512-13. Here, of course, there was no injunctive order that ever complied with the mandatory and basic requirement of Rule 65, which the Seventh Circuit has unequivocally and consistently held requires strict compliance. *See United States v. Apex Oil Co.*, 579 F.3d 734, 739 (7th Cir. 2009); *Wisconsin Right To Life*, 751 F.3d at 830; *Nuxoll ex rel. Nuxoll v. Indian Prairie School Dist. # 204*, 523 F.3d 668, 675 (7th Cir.2008); *Chicago Board of Education v. Substance, Inc*., 354 F.3d 624, 631–32 (7th Cir.2003). Other than the quite different case of *Chathas*, the court has never found harmless error in a situation where there was *never* compliance with Rule 65(d)(1)(C)'s requirements.

*Dupuy v. Samuels*, 465 F.3d 757 (7th Cir. 2006), also cited in the Reply, found that the court had jurisdiction to review a non-compliant injunction unless the injunction was so unclear a defendant would lack standing to challenge it and could "thumb his nose at it with impunity." *Id.* at 759. The court refused to give the plaintiff the relief it requested, however, and closed by saying that only the fact that *the defendant* did not challenge the injunction – as the defendant does here – prevented the court from overturning the injunction. *Id*. at 763.

In short, the cases in the Reply are not decisive or comparable to the consistent decisions of the Seventh Circuit over the last two decades.

**B.**

While that resolves the referral, a couple of other points are worth making. First, the defendants quite correctly point out that the district court has ruled that the parties are required to arbitrate the question of whether the alleged underlying behavior giving rise to the present controversy violated the defendant's employment contract. The remainder of plaintiffs' claims were stayed. [Dkt. #60, at 10-11]. The defendants' conclusion that the present motion is merely an oblique attempt to *circumvent* those rulings and *litigate* in the district court the issue of defendants' compliance with the employment contract and thereby avoid litigating in an arbitration forum, even if accurate, does not resolve the present case.

Even if the argument correctly divined the motives of the plaintiffs' lawyers – and even if Rule 65(d)(1)(C) were not controlling here – the solution would not be to ignore the alleged contempts, but stay the contempt proceedings until at least the arbitration had been decided. The alleged contempt could thereafter be heard, and there could be no concern that the result of contempt proceedings would somehow have a binding effect on the arbitrator. In short, even if true, the argument advanced by the defendants about the plaintiffs' true motivation being to effectuate an end run around the Judge Guzman's Order and staying the matter, is easily resolved and does not control the outcome of the motion for contempt.

Interestingly, the defendants' attorney participated in the drafting of two of the Orders [Dkt. ##37, 38, 75, 76] that he now for the first time argues violate Fed.R.Civ.P. 65(d)(1)(C) and are, as a result, ineffectual and unenforceable. [Dkt. # 83, at 5]. Defendants' brief does not indicate when counsel had this epiphany about the Rule; but if counsel was aware of the applicable Rule when he participated in the drafting of the stipulated Orders, it raises the spectre of Fed.R.Civ.P. 11. "By

5

presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . .it is not being presented for any improper purpose . . . [and] legal contentions are warranted by existing law . . . ." Fed.R.Civ.P. 11(b)(1); (2).[3] But wisdom, like good wine, requires maturing. *Reid v. Covert* 351 U.S. 487, 492 (1956)(reservation of Justice Frankfurter), and "wisdom often comes slowly, and so one ought not to reject it merely because it comes late.'" *Wolf v. Colorado*, 338 U.S. 25, 47 (1949)(Rutledge, J., dissenting). It cannot be disputed that the issue in this case eluded three judicial officers; more perhaps should not be demanded of a lawyer who now is said to have knowingly allowed the situation to have existed.

For the foregoing reasons, it is recommended that the plaintiffs' motion [Dkt. # 78] be denied.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 2/28/19

---

[3] If the defendants' lawyer sat silently by and knowingly did nothing – which, as we have said, is unlikely – the references in the two stipulated Orders were, in effect, poison pills. The purpose of requiring lawyers to make timely objections is "to prevent lawyers from sandbagging judges," *Camden v. Circuit Court of Second Judicial Circuit, Crawford County, Ill.*, 892 F.2d 610, 620 (7th Cir. 1989) and from gaining an unfair opportunistic advantage. If the defendant's silence was knowing and intentional, the trick rivals Ned Racine's rule against perpetuities "gaff" in the film, Body Heat. But as we have tried to say, that seems highly unlikely.