# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| APPLICATIONS SOFTWARE ) <br> TECHNOLOGY LLC and ) <br> SERENE AST, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PARESH KAPADIA and SUAVIS ) <br> CORPORATION, ) <br> ) <br> Defendants. ) | No. 18 CV 822 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed objections to Magistrate Judge Cole's Order of February 28, 2019, in which Judge Cole recommended that this Court deny plaintiffs' motion for a rule to show cause why defendants should not be held in contempt of three orders entered in this case. For the reasons explained below, the Court sustains plaintiffs' objections and returns plaintiffs' motion to Judge Cole for further consideration.

## BACKGROUND

Plaintiffs assert a variety of claims based on their allegations that defendant Paresh Kapadia, a former employee of plaintiff Serene AST, LLC ("Serene"), created a new corporation, defendant Suavis Corporation, while still employed by Serene, and began competing directly with Serene, in violation of Kapadia's Employment Agreement with Serene and his Non-Competition Agreement with plaintiff Applications Software Technology LLC. On February 6, 2018, the Court granted plaintiffs' motion for entry of a temporary restraining order and enjoined defendants from, among other things, using plaintiffs' confidential and proprietary

information and interfering with plaintiffs' relationships with their business partners. (ECF No. 22, Temporary Restraining Order ("TRO").) The TRO also provided:

> Defendant Kapadia is hereby restrained and enjoined from, directly or indirectly, engaging in any conduct in violation of Section 6 of his Employment Agreement and Section 2 of his Non-Competition Agreement, as those Agreements are defined in the Complaint, including, but not limited to, the Non-Competition covenant, the non-solicitation of employees covenant, and the non-solicitation of customers covenant . . . .

(*Id.* at 2.) The Court referred plaintiffs' motion for a preliminary injunction to the assigned magistrate judge, the late Judge Martin. Thereafter, on plaintiffs' unopposed motion, this Court extended the TRO until March 6, 2018.

On February 26, 2018, the parties filed a joint motion for entry of a stipulated and agreed order in lieu of the scheduled preliminary injunction hearing, and noticed the motion before Judge Martin, who granted it on March 2, 2018. The Stipulated and Agreed Order contains provisions similar to those in the TRO, and states in Paragraph 6:

> Until further agreement of the parties or an Order from the appropriate legal forum, Kapadia agrees to be prohibited from, directly or indirectly, engaging in any conduct in violation of Section 6 of his Employment Agreement and Section 2 of his Non-Competition Agreement, as those Agreements are defined in the Complaint, including, but not limited to, the Non-Competition covenant, the non-solicitation of employees covenant, and the non-solicitation of customers covenant, pending the earlier of (i) the resolution of the Plaintiffs' claims in the appropriate legal forum; (ii) November 1, 2018; or (iii) upon a modification or dissolution of this Order.

(ECF No. 38.)

In June 2018, this Court ordered that arbitration shall proceed on Serene's claims against Kapadia, and stayed plaintiffs' remaining claims pending completion of arbitration. On October 25, 2018, plaintiffs filed an agreed motion for entry of a stipulated and agreed order similar to the parties' previous one and noticed the motion before Judge Cole, who granted it on October 29, 2018. Paragraph 5 of the Stipulated and Agreed Order entered by Judge Cole contains a

provision that is nearly identical to Paragraph 6 of the parties' previous stipulated order, except that it contains a reference to the arbitrator, and the date specified in clause (ii) is March 31, 2019. (ECF No. 76.)

On January 7, 2019, plaintiffs filed a motion for a rule to show cause why defendants should not be held in civil contempt of the TRO and the Stipulated and Agreed Orders. They maintain that defendants engaged in conduct during 2018 in violation of those orders, including work on projects for companies called Equipment Depot and Nite Ize that entailed services directly competitive with plaintiffs'. Plaintiffs also seek "limited" discovery to determine the extent of defendants' "contumacious conduct." (ECF No. 78, Pls.' Mot. at 7.)

This Court referred plaintiffs' motion to Magistrate Judge Cole for the purpose of holding related proceedings. On February 28, 2019, Judge Cole issued a Memorandum Opinion and Order recommending that this Court deny plaintiffs' motion. Plaintiffs filed objections to that ruling pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).

## DISCUSSION

Judge Cole determined that a finding of contempt of the TRO and the Stipulated and Agreed Orders cannot exist here because the three orders do not comply with Federal Rule of Civil Procedure 65(d)(1)(C), which requires that every restraining order and injunction "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." From the outset, the parties are at odds on the appropriate standard of review. Plaintiffs submit that district courts review a magistrate judge's ruling on a motion for contempt under a *de novo* standard. Defendants contend that plaintiffs did not file a motion for contempt, but a motion for a rule to show cause, and that a ruling on such a motion is reviewed for clear error. The issue need not be reached because the outcome is the same under either

3

standard. The Court will say, however, that while plaintiffs' motion is labeled as a show-cause motion, it is more properly viewed as a motion for an order on the merits of the alleged contempt, as Judge Cole recognized. In their motion, plaintiffs explicitly request a finding of civil contempt, and it does not prejudice defendants to so view the motion, because they are on notice of plaintiffs' allegations and have an opportunity to respond. *See SEC v. Hyatt*, 621 F.3d 687, 696 (7th Cir. 2010).

The orders at issue refer to the Employment Agreement and Non-Competition Agreement to describe the conduct that is enjoined; therefore, this Court agrees with Judge Cole that they violated Rule 65(d)(1)(C). It respectfully disagrees, however, with his ultimate determination that the orders are thus ineffectual. Two principles are at work here. First, noncompliance with Rule 65(d) does not automatically render an injunction unenforceable. *Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 275-76 (7th Cir. 1992) (stating that an injunction that does not comply with the rule "*may*" not place the person enjoined under any legal obligation; proceeding to analyze whether the injunction was in "sufficient though not exact" compliance with Rule 65(d) that a violation could be punished by contempt; and concluding that although its form was "scandalously inadequate," the order was not a nullity) (emphasis added). The analysis must go at least a step further to assess whether "as a result of the violation it is so unclear what the defendant is enjoined from doing that he could not be punished for violating the injunction." *Dupuy v. Samuels*, 465 F.3d 757, 759 (7th Cir. 2006) (an injunction that violates Rule 65(d) is enforceable as to "any adequately clear materials clearly incorporated into the injunction by reference"). Second, defendants, having not merely failed to object, but having stipulated, to the second and third orders at issue (and jointly moved for entry of the second), have waived the argument that they

4

are too vague to be enforced or that they violate Rule 65. *See Cent. States, Se. & Sw. Areas Pension Fund v. Wintz Props., Inc.*, 155 F.3d 868, 874 (7th Cir. 1998) (rejecting defendant's contention that an injunctive order was so ambiguous to be unenforceable through contempt because it violated Rule 65(d), and stating that "Rule 65 is not jurisdictional in the way [defendant] wants it to be—in the sense that its requirements are nonwaivable, so that any technical failure to comply with those requirements would make the injunction a nullity even if no party had ever objected") (some internal punctuation omitted) (citing *Szabo v. U.S. Marine Corp.*, 819 F.2d 714, 718 (7th Cir. 1987) ("Not having appealed from the grant of the injunction, [defendant] cannot argue that it is too vague to be enforced . . . or that it violates Rule 65(d) . . . .")). Defendants' current position that two orders that their counsel had a hand in drafting and to which they stipulated "fail[] to clearly specify the prohibited conduct," (ECF No. 91, Defs.' Resp. Pls.' Objs. at 4), is untenable.

## CONCLUSION

The Court sustains plaintiffs' objections [90] and returns plaintiffs' motion [78] to Magistrate Judge Cole for further consideration and a Report and Recommendation.

**DATE**:  April 9, 2019

  
_Ronald A. Guzmán_  
**Ronald A. Guzmán**  
**United States District Judge**