

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| APPLICATIONS SOFTWARE TECHNOLOGY LLC, as successor by merger and conversion to APPLICATIONS SOFTWARE TECHNOLOGY CORPORATION, and SERENE AST, LLC, | ) ) ) ) ) | Case No. 2018-cv-00822 |
| Plaintiffs, | ) ) | Honorable Ronald A. Guzman |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| PARESH KAPADIA and SUAVIS CORPORATION, | ) ) ) | |
| Defendants. | ) | |

## STIPULATED AND AGREED ORDER

1.     Without an admission of liability by Defendants, the parties have stipulated to the following terms, and jointly request that the Court enter an Order as follows:

2.     On June 26, 2018, the Court entered an Order compelling Serene AST, LLC's ("Serene AST") claims against Paresh Kapadia into arbitration (the "Arbitration Order"). [Doc. 60.] This Stipulated and Agreed Order does not affect the Arbitration Order and the Arbitration Order remains intact.

3.     Until further agreement of the parties or an Order from the appropriate legal forum, Defendants and those people and entities acting in concert with them, regardless of whether such persons or entities are located inside or outside of the United States, agree to be prohibited, except for purposes of complying with discovery in this litigation or the Arbitration, from possessing, disseminating, disclosing, copying, transmitting, using, tampering with, destroying, secreting, or otherwise accessing any Confidential Information (as defined below) that is the property of Plaintiffs, pending the earlier of (i) the resolution of the Plaintiffs' claims in the appropriate legal

forum, including, without limitation, this Court or the arbitration; (ii) September 30, 2019; or (iii) upon a modification or dissolution of this Order.

4.     For the purposes of this Order, "Confidential Information," as taken from the Employment Agreement, means any and all: (a) trade secrets concerning the business and affairs of the Plaintiffs, including, without limitation, product specifications, data, know-how, formulae, compositions, processes, designs, sketches, photographs, graphs, drawings, inventions and ideas, past, current and planned research and development, current and planned methods and processes, customer lists, current and anticipated customer requirements, advertising methods, sales methods, price lists, market studies, business plans, computer software and programs (including object code and source code), computer software and database technologies, structures and architectures (and related formulae, compositions, processes, improvements, devices, know-how, inventions, discoveries, concepts, ideas, designs, methods and information), and any other information, however documented, that is a trade secret as defined by the laws of the State of Illinois, i.e. any other information that is (i) sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality; (b) information concerning the business and affairs of Plaintiffs (which include historical financial statements, financial projections and budgets, historical and projected sales, capital spending budgets and plans, the names and backgrounds of key personnel, personnel training and techniques and materials, and operating procedures), however documented; and (c) notes, analyses, compilations, studies, summaries and other material prepared by or for Plaintiffs containing or based, in whole or in part, on any information included in the foregoing. However, Confidential Information does not include any information that (i) is or becomes available to the

public other than as result or a disclosure or use by Kapadia that was known or should have been known by Kapadia to be unlawful; (ii) is or becomes rightfully available to Kapadia on a non-confidential basis from a source other than Plaintiffs; or (iii) is or becomes independently developed by Kapadia without use or knowledge of Confidential Information. Furthermore, nothing contained in paragraph 4 of this Order or this Order generally shall be construed as preventing Kapadia from using his general skills, knowledge, and expertise so long as he performs his duties without using or disclosing Confidential Information and does not violate any of the other provisions of this Order.

5.      Until further agreement of the parties or an Order from the appropriate legal forum, Defendants and those people and entities acting in concert with them, regardless of whether such persons or entities are located inside or outside of the United States, agree to be prohibited from destroying any and all records, documents or deleting any electronic communications relating to Suavis Corporation, including, but not limited to, communications with Serene AST's customers known to Kapadia, employees or business partners, including, but not limited to, Oracle, SugarCRM, Kronos, or Salesforce.com[1], pending the earlier of (i) the resolution of the Plaintiffs' claims in the appropriate legal forum, including, without limitation, this Court or the Arbitration; (ii) September 30, 2019; or (iii) upon a modification or dissolution of this Order.

6.      Until further agreement of the parties or an Order from the appropriate legal forum, Kapadia agrees to be prohibited from, directly or indirectly, engaging in any of the following

---

[1] Defendants expressly dispute that Oracle, SugarCRM, Kronos, and Salesforce.com are all business partners of Serene AST and therefore the parties to this Order agree that nothing in this Order shall be construed as an acknowledgement or an admission in any legal forum, including without limitation in this case or in American Arbitration Association Case No. 01-18-0003-4313 (the "Arbitration"), that Oracle, SugarCRM, Kronos, and Salesforce.com are Serene AST's business partners.

conduct, pending the earlier of (i) the resolution of the Plaintiffs' claims in the appropriate legal forum, including, without limitation, this Court or the Arbitration; (ii) September 30, 2019; or (iii) upon a modification or dissolution of this Order:

    (a) Owning, financing, serving as an officer, director or member of any governing board of, or lending Kapadia's name to, any business or Person whose products or services compete in whole or in part with a Company Business (a "Competitor"), in North America, Australia, India, Singapore, and the United Kingdom ("Restricted Area").The foregoing shall not, however, prohibit Kapadia from purchasing up to (but not more than) 2% of any class of securities of any enterprise (but without otherwise participating in the activities of such enterprise) if such securities are listed on any national or regional securities exchange or have been registered under Section 12(g) of the Securities Exchange Act of 1934. For purposes of paragraphs 6(a) and 6(b), "Company Business" means Serene AST's systems integration, consulting, customized information technology services relating to CRM (SaaS and On Premise), BI, Hyperion Enterprise Performance Management, EAI (Fusion Middleware Technologies), Identity Management and Enterprise Contempt Management;

    (b) Being employed by, advising, consulting with or managing any Competitor with respect to an area of a Competitor's business that competes, in whole or in part, with Company Business in the Restricted Area unless Kapadia establishes that he is not providing services competitive to those of the Company Business; and

    (c) Soliciting business in the Restricted Area of the same or similar type being carried on by Serene AST from any Person known by Kapadia to be a customer of Serene AST, whether for Kapadia's own account or for the account of any other person, to the extent

4

that Kapadia had non-incidental personal contact with such Person by reason of employment with Serene AST; and

(d) Whether for Kapadia's own account or the account of any other person, (i) soliciting as an employee, independent contractor or otherwise, any employee of Serene AST or in any manner inducing or attempting to induce any employee of Serene AST to terminate employment with Serene AST, in each case with respect to a business whose products or activities compete in whole or in part with the products or activities of Serene AST in any area; or (ii) interfering with Serene AST's relationship with any person, including any person who is an employee, contractor, supplier, or customer of Serene AST, in the Restricted Area, in each case, to the extent Kapadia had non-incidental personal contact with such person by reason of Kapadia's employment with Serene AST.

7.      Until further agreement of the parties or an Order from the appropriate legal forum, Defendants and those people and entities acting in concert with them, regardless of whether such persons or entities are located in or outside of the United States, agree to be prohibited from interfering with Serene AST's relationships with their business partners, including but not limited to Oracle, SugarCRM, Kronos and Salesforce.com and any prospective customers referred by those business partners, pending the earlier of (i) the resolution of the Plaintiffs' claims in the appropriate legal forum, including, without limitation, this Court or the Arbitration; (ii) September 30, 2019; or (iii) upon a modification or dissolution of this Order.

8.      The parties agree that the entry of this Order does not constitute an admission of liability by Defendants on any claim. Further, nothing in this Order is admissible in any legal forum, including without limitation in this case or in the Arbitration, for purposes of attempting to

5

show an evidentiary finding has been made against Defendants on the substance of Plaintiffs'

claims. Further, nothing in this Order shall be construed as an acknowledgement or an admission

in any legal forum, including without limitation in this case or in the Arbitration, that Plaintiffs

established the elements necessary for a preliminary injunction or any other injunctive or equitable

relief or an acknowledgment or an admission that either of the Plaintiffs own trade secrets or

confidential information. Further, nothing in this Order shall be construed as an acknowledgement

or an admission in any legal forum, including without limitation in this case or in the Arbitration,

that Oracle, SugarCRM, Kronos, and Salesforce.com are Plaintiffs' business partners.[2]

Furthermore, nothing contained in this Order is admissible in any legal forum, including without

limitation in this case or in the Arbitration, for purposes of attempting to establish liability on any

of Plaintiffs' claims.

   9.  Furthermore, nothing contained in this Order shall be deemed a waiver of any right

to arbitrate or constitute an admission by the parties that any of Plaintiffs' claims are not arbitrable.

Furthermore, nothing in this Order shall be construed as an acknowledgement or an admission in

any legal forum, including without limitation in this case or in the Arbitration, that Sections 5 or 6

of the Employment Agreement and Section 2 of the Non-Competition Agreement, as those

Agreements are defined in the Plaintiffs' Complaint, including, but not limited to, the Non-

Competition covenant, the non-solicitation of employees covenant, and the non-solicitation of

customers covenant, are enforceable. Furthermore, nothing in this Order shall be construed as an

acknowledgement or an admission in any legal forum, including without limitation in this case or

in the Arbitration, that Serene AST, LLC has established that it is entitled to, or that Paresh Kapadia

has agreed to, an extension of the "Restricted Period" in the Employment Agreement or that there

---

[2] *See* Footnote 1.

is an entitlement to, or that Paresh Kapadia has agreed to, an extension of the "Restricted Period" in the Non-Competition Agreement.

10.     Furthermore, nothing contained in this Order shall be deemed an admission by Plaintiffs that the Arbitrator has jurisdiction in the Arbitration to enter any Order or Award which impacts or affects Plaintiffs' rights to seek injunctive relief in this Court against Defendants.

11.     This Order applies only to conduct occurring on or after April 3, 2019. This Order has no retroactive effect whatsoever.

12.     Any party to this Order may move the Court at any time to dissolve or modify this Order, including, without limitation, upon a dismissal of any cause of action.

**IT IS SO ORDERED.**

Dated:   JUL 0 2 2019          _____
                              Magistrate Judge Jeffrey Cole